1  **STEPHEN D. DEMIK**
   California State Bar No. 221167
2  **FEDERAL DEFENDERS OF SAN DIEGO, INC.**
   225 Broadway, Suite 900
3  San Diego, California  92101-5030
   Telephone:  (619) 234-8467, Ext. 3707
4

5  Attorneys for Mr. Aguirre

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10                 (**HONORABLE JANIS L. SANMARTINO**)

11  UNITED STATES OF AMERICA,        )   CASE NO. 08CR0212-JLS
                                     )
12             Plaintiff,            )
                                     )
13  v.                               )   STATEMENT OF FACTS AND
                                     )   MEMORANDUM OF POINTS AND
14                                   )   AUTHORITIES IN SUPPORT OF
                                     )   DEFENDANT'S MOTIONS.
15  JUAN AGUIRRE,                    )
                                     )
16             Defendant.            )
                                     )
17  _____

                           **I.**

18                    **STATEMENT OF FACTS**

19          On January 23, 2008, the Grand Jury indicted Mr. Aguirre with seven counts of

20  violations of 8 U.S.C. §§ 1324(a)(2)(B)(ii) and (iii), and 18 U.S.C. § 2 involving the

21  smuggling of an alien into the United States for financial gain and aiding and abetting.

22                          **II.**

23             **MOTION TO COMPEL SPECIFIC DISCOVERY**

24          Mr. Aguirre moves for the disclosure of the following discovery.  This request includes

25  discovery of which the government attorney knows, and discovery of which the government attorney

26  may become aware through the exercise of due diligence.  See Fed. R. Crim. P. 16.

27

28                                                        08CR0212-JLS

1       (1) <u>The Defendant's Statements.</u>  The defendant requests all oral, written, or recorded

2   statements made by her, including any statements contained in the handwritten notes of any

3   government agent, and any response she made to any <u>Miranda</u> warnings that government agents may

4   have read to her.  Fed. R. Crim. P. 16(a)(1)(A); Fed. R. Crim. P. 16(a)(1)(B).

5       (2) <u>Arrest Reports, Notes, Dispatch Tapes.</u>  The defendant requests all arrest reports,

6   notes, dispatch tapes, and any other materials that relate to the circumstances surrounding her arrest

7   and interrogation.  This request includes, but is not limited to, rough notes, records, reports,

8   transcripts, or other documents which contain statements of the defendant or any other discoverable

9   material. Fed. R. Crim. P. 16(a)(1)(A); Fed. R. Crim. P. 16(a)(1)(B); <u>Brady v. Maryland</u>, 373 U.S.

10  83 (1963).  The government must disclose arrest reports, investigator's notes, memoranda from

11  arresting officers, dispatch tapes, sworn statements, and prosecution reports pertaining to the

12  defendant.  Fed. R. Crim. P. 16(a)(1)(B).

13      (3) <u>The Defendant's Prior Record.</u>  The defendant requests disclosure of her prior

14  record.  Fed. R. Crim. P. 16(a)(1)(D).

15      (4) <u>Evidence Seized.</u>  The defendant requests disclosure of evidence seized as a result

16  of any search, whether warrantless or with a warrant.  Fed. R. Crim. P. 16(a)(1)(E).

17      (5) <u>Tangible Objects.</u>  The defendant requests the opportunity to inspect, copy, or test

18  all documents and tangible objects, including photographs, books, papers, documents, alleged

19  controlled substances, fingerprint analyses, vehicles, or copies of portions thereof, which are material

20  to the defense, intended for use in the government's case, or were obtained from or belong to the

21  defendant.  Fed. R. Crim. P. 16(a)(1)(E).

22      (6) <u>Request for Preservation of Evidence.</u>  The defendant requests preservation of all

23  physical evidence, including dispatch tapes, that the government or its agents may destroy, lose, or

24  otherwise fail to preserve, and which relates to the arrest or the events leading to the arrest in this

25  case.  This request includes, but is not limited to, the results of any fingerprint analyses, the

26  defendant's personal effects, and any other evidence seized from the defendant, or any third party.

27

28                                      2                          08CR0212-JLS

1    **This request also encompasses a request to preserve for questioning all the people from the car**

2    **in which defendant was driving.**  The defendant requests that the Court order at the time of the

3    motions hearing that the government preserve all evidence to avoid a future status conference

4    regarding that evidence.

5    (7) <u>Reports Of Examinations And Tests.</u>  The defendant requests the opportunity to

6    inspect and copy any reports of physical or mental examinations, and any scientific tests, which are

7    material to the defense, or intended for use in the government's case. Fed. R. Crim. P. 16(a)(1)(F).

8    (8) <u>Expert Witnesses.</u>  The defendant requests the name, qualifications, and a written

9    summary of the testimony of any person that the government intends to call as an expert witness

10   during its case. Fed. R. Crim. P. 16(a)(1)(G).  Mr. Aguirre requests that the Court order disclosure

11   of this discovery at least four weeks prior to trial in order to investigate it, to prepare <u>in limine</u>

12   motions in a timely manner, and to prepare adequately for trial.

13   (9) <u>Brady Material.</u>  The defendant requests all documents, statements, reports, and

14   tangible evidence favorable to the defendant on the issue of guilt, which affects the credibility of the

15   government's case, or which may result in a lower sentence under the United States Sentencing

16   Guidelines and/or 18 U.S.C. § 3552.  <u>Brady v. Maryland</u>, 373 U.S. 83 (1963).  Under <u>Brady</u>,

17   impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the

18   accused. <u>United States v. Bagley</u>, 473 U.S. 667 (1985); <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

19   (10) <u>Giglio Information.</u>  The defendant requests all statements and/or promises,

20   express or implied, made to any government witness in exchange for their testimony in this case, and

21   all other information which could arguably impeach any government witness.  <u>Giglio v. United</u>

22   <u>States</u>, 405 U.S. 150 (1972).

23   (11) <u>Henthorn Material.</u>  The defendant requests that the government examine the

24   personnel files of all government agents who may testify in this action for <u>Brady</u> material.

25   <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

26   //

27

28                                    3                        08CR0212-JLS

1       (12)  <u>Informants And Cooperating Witnesses.</u>  The defendant requests the name,

2  address, and location of any informants or cooperating witnesses the government used or will use

3  in this case, and in particular, the name, address, and location of any informant who was a percipient

4  witness in this case, or who otherwise participated in the crime charged against Mr. Aguirre.

5  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957). The government must disclose any information

6  derived from informants which exculpates, or tends to exculpate, the defendant.  <u>Brady v. Maryland</u>,

7  373 U.S. 83 (1963).  The government must also disclose any information indicating bias on the part

8  of any informant or cooperating witness.  <u>Id.</u>

9       (13)  <u>Jencks Act Material.</u>  The defendant requests, at least four weeks in advance of

10  trial, all material, including dispatch tapes, which the government must produce pursuant to 18

11  U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant

12  to investigate the Jencks material.  Disclosure of this discovery at least four weeks prior to trial will

13  also enable Mr. Aguirre to prepare <u>in limine</u> motions in a timely manner and to prepare adequately

14  for trial.

15       (14)  <u>Any Proposed 404(b) Evidence.</u>  The defendant requests prior notice of any "other

16  acts" that the government intends to introduce in its case-in-chief, through impeachment, or in its

17  rebuttal case.  Fed. R. Evid. 404(b); Fed. R. Evid. 609; <u>United States v. Vega</u>, 188 F.3d 1150 (9th

18  Cir. 1999).  Mr. Aguirre requests that the Court order disclosure of this discovery at least four weeks

19  prior to trial in order to investigate the "acts," to prepare <u>in limine</u> motions, and to adequately

20  prepare for trial.

21       (15)  <u>Residual Request.</u>  Mr. Aguirre  intends by this discovery motion to invoke her

22  rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and

23  the Constitution and laws of the United States.  Mr. Aguirre requests that the government provide

24  her with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior

25  to cross-examination.

26  *//*

27

28                               4                    08CR0212-JLS

1

2

## III

## LEAVE TO FILE FURTHER MOTIONS

3    Mr. Aguirre and defense counsel have received 368 pages of discovery in this case.

4  As new information surfaces due to the government providing discovery in response to these motions

5  or an order of this court, or through defense investigation, the defense may find it necessary to file

6  further motions, or to supplement existing motions with additional facts. Therefore, defense counsel

7  requests the opportunity to file further motions based upon information gained from discovery.

8

## IV.

9

## CONCLUSION

10    For the reasons stated, Mr. Aguirre requests that this Court grant his motions.

11              Respectfully submitted,

12

13  Dated: February 22, 2008       **STEPHEN D. DEMIK**
                  Federal Defenders of San Diego, Inc.

14                 Attorneys for Mr. Aguirre

15

16

17

18

19

20

21

22

23

24

25

26

27

28

08CR0212-JLS