Tamara D. DeHaan, Esq., #113932
LAW OFFICES OF TAMARA D. DeHAAN
444 West C Street, Suite 350
San Diego, CA 92101-3533
Ph: (619) 544-0715
Fax: (619) 544-1215

Attorney for Material Witness/es

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>            )<br>    Plaintiff,  )<br>            )<br>v.          )<br>            )<br>BENNY LOPEZ (1),    )<br>            )<br>JUAN JOSE AGUIRRE-CRUZ (2),  )<br>            )<br>    Defendants.  )<br>            ) | Criminal Case No. 08cr0212-JLS<br><br>DECLARATION OF TAMARA D. DeHAAN, ESQ., IN SUPPORT OF MOTION TO SET VIDEOTAPED DEPOSITIONS OF MATERIAL WITNESSES AND REQUEST FOR STATEMENT OF REASONS IN SUPPORT OF CUSTODY<br><br>Hearing Date: June 5, 2008<br>      Time: 9:30 a.m.<br>      Judge: Nita L. Stormes |

I, TAMARA D. DeHAAN, ESQ., declare:

1.  I am an attorney duly licensed to practice law in the State of California. I am admitted to practice before the United States District Court for the Southern District of California. On January 17, 2008, I was appointed as the attorney of record to represent VICTOR MANUEL AYON-LIZARRAGA, CARLOS JODIN VILLEGAS-HERNANDEZ, and RAMON SILVA-REYES (hereinafter collectively, "Material Witnesses"), the material witnesses in the above-entitled case.

2.  I am informed and believe each of the Material Witnesses is a citizen of Mexico, without the legal right to enter into, or remain in, the United States.

3.  As a material witness attorney, one of my primary responsibilities is to assist in arranging the release of the material witnesses from the custody of the U.S. Marshal and the Department of Homeland Security's Immigration and Customs Enforcement (".I.C.E.") as soon as practicable. To that

-1-

end, I immediately conducted an interview with the Material Witnesses to explain why they were being detained, and under what conditions they could be released. I informed the Material Witnesses the most expedient way to be released is by having a personal surety post a court approved appearance bond in the sum of $500.00, constituting ten percent of the required bond amount of $5,000.00, along with meeting any and all I.C.E. requirements imposed following the posting of the cash bond. I explained to the Material Witnesses the bond requirements and the responsibilities of the surety. Unfortunately, none of the Material Witnesses know anyone who is qualified to act as a surety who is willing or able to post bond for their release from custody.

      4.    During my initial interview with my clients I learned that both of the material witnesses, VICTOR MANUEL AYON-LIZARRAGA and RAMON SILVA-REYES, are married with children. Each man provides the sole financial support for his respective family. VICTOR MANUEL AYON-LIZARRAGA and RAMON SILVA-REYES each have prior deportations and as such, neither man meets the immigration qualifications necessary for release even if a bond were posted on their respective behalves. I learned that CARLOS JODIN VILLEGAS-HERNANDEZ was on parole for a prior felony offense, and that as such, he does not meet the immigration qualifications necessary for release even fi a bond were posted on his behalf. All three Material Witnesses have been in custody since January 13, 2008.

      5.    I am not aware of any reason in this case why the Material Witnesses' testimony cannot be adequately secured by deposition. Likewise, I have not been informed of any such reasons by either the government, or the defense attorneys.

      6.    The Material Witnesses are more than willing to respond to all questions put to them in a deposition, and to return to the United States should their testimony later be required at trial of either defendant. The fact is, however, there are only a few facts relevant to this case about which the Material Witnesses are competent to testify:  i.e. (a) if they were aware of any attempt by the defendants to smuggle an undocumented alien into the United States without presentation, (b) the circumstances surrounding the day the witnesses and the defendants traveled to Jacumba, California. Based on my discussions with my clients, all of the facts relevant to this case in the Material Witnesses' knowledge took place over a very short period of time.

7. I explained to the Material Witnesses the general procedure for conducting videotaped depositions, and explained further if they were released after the deposition, they may have to return to the United States to testify at trial if subpoenaed by the government or either defendant. The Material Witnesses each indicated they would be willing to return if arrangements for their legal re-entry could be made, and travel expenses provided for.

I declare under penalty of perjury the foregoing is true and correct, and that this declaration was executed in San Diego, California, on May 20, 2008.

                                              s/Tamara D. DeHaan
                                              Tamara D. DeHaan, Esq.
                                              Declarant